*615 OPINION OF THE COURT
Martin B. Stecher, J.
The plaintiff moves for summary judgment. The defendant, Ava Industries, Inc. (Ava) sold machinery to Woodhaven Knitting Mills, Inc. (Woodhaven) and received Woodhaven’s check drawn on plaintiff in the sum of $19,500. We are not informed if this was full or partial payment or what was sold or what the other terms of the transaction were.
Following issuance of the check, Woodhaven delivered a stop payment order to the plaintiff (Uniform Commercial Code, § 4-403); but the bank failed to honor the order and paid the check. Whether payment was made through "inadvertence” as the plaintiff contends or because the check was held too long and payment became obligatory (Uniform Commercial Code, §§ 4-301, 4-302, 4-107, 4-108) as Ava contends is not clear. Nonetheless, payment was made without chargeback. (Plaintiff asserts in its reply papers, giving Woodhaven no opportunity to respond, that at the time of issuance of the check Woodhaven’s account had but $300. Woodhaven does, however, acknowledge that its account had insufficient funds to cover the check.)
Woodhaven brought action against Ava in the United States District Court for the Eastern District of New York. No pleadings in that action are annexed to these papers nor is it clear what precise issues were joined. A stipulation of settlement of that action is appended, however, which required Woodhaven to "turn over to Ava” certain designated machinery, and required Ava to "turn over to Woodhaven” other designated machinery. Whether or not it was the machinery called for in the transaction which resulted in the issuance of the $19,500 check is not revealed. Additionally, Ava was to deliver to its own attorneys, in escrow, $5,000 to be paid to the plaintiff in this action "against the present claim of Manufacturers Hanover Trust against both Woodhaven and Ava for the sum of $19,500.” Ava’s attorneys have tendered this sum, without interest, to the plaintiff and the plaintiff has agreed, in the reply, to accept that sum in discharge of Ava’s obligation to the plaintiff. We are thus left with a claim for $14,500.
The plaintiff asserts its right to recover $14,500 with interest from Woodhaven pursuant to the provisions of section 4-407 of the Uniform Commercial Code which provides:
"If a payor bank has paid an item over the stop payment *616 order of the drawer or maker or otherwise under circumstances giving a basis for objection by the drawer or maker, to prevent unjust enrichment and only to the extent necessary to prevent loss to the bank by reason of its payment of the item, the payor bank shall be subrogated to the rights * * *
"(b) of the payee or any other holder of the item against the drawer or maker either on the item or under the transaction out of which the item arose; and
"(c) of the drawer or maker against the payee or any other holder of the item with respect to the transaction out of which the item arose.”
It is clear that the plaintiff, at the time it paid the check, became entitled to any claim arising out of the transaction which Woodhaven had against Ava or which Ava had against Woodhaven; and the subsequent settlement of the defendants’ dispute between them in no way altered or extinguished the plaintiffs rights in subrogation. By its agreement, however, in these motion papers, to accept from Ava $5,000 tendered in settlement of its claim against Ava, the plaintiff has relinquished its rights to proceed in subrogation against Ava.
The plaintiff, however, became subrogated to Ava’s rights against Woodhaven "under the transaction,” that is, the right to be paid for merchandise delivered; and at the same time became subrogated to Woodhaven’s claims against Ava, presumably for the delivery of defective machinery.
The Official Comment to section 4-407 of the Uniform Commercial Code (McKinney’s Cons Laws of NY, Book 62V2, Part 2, p 631) states:
"2. Subsection (b) also subrogates the bank to the rights of the payee or other holder against the drawer or maker either on the item or under the transaction out of which it arose. It may well be that the payee is not a holder in due course but still has good rights against.the drawer. These may be on the check but also may not be as, for example, where the drawer buys goods from the payee and the goods are partially defective so that the payee is not entitled to the full price, but the goods are still worth a portion of the contract price. If the drawer retains the goods he is obligated to pay a part of the agreed price. If the bank has paid the check it should be subrogated to this claim of the payee against the drawer.
"3. Subsection (c) subrogates the bank to the rights of the drawer or maker against the payee or other holder with *617 respect to the transaction out of which the item arose. If, for example, the payee was a fraudulent salesman inducing the drawer to issue his check for defective securities, and the bank pays the check over a stop order but reimburses the drawer for such payment, the bank should’ have a basis for getting the money back from the fraudulent salesman” which appears to describe at least in part, the situation with which we are faced here.
The plaintiffs rights as against Woodhaven then are of a dual nature. Plaintiff is subrogated to the claim Ava had against Woodhaven when the check was issued (less $5,000); and the settlement between the defendants in no way diminished this right. Additionally, plaintiff is entitled to recover from Woodhaven to the extent that Woodhaven has been unjustly enriched in the transaction and settlement with Ava. That these rights exist is clear. The extent to which they exist, expressed in dollars is unclear.
Accordingly, judgment may be entered in favor of the plaintiff against Ava in the sum of $5,000 without interest; the action against Woodhaven is severed and continued; it is determined that plaintiff is entitled to judgment against Woodhaven on the severed action and that the amount thereof shall be assessed on the filing of a note of issue, statement of readiness and payment of the appropriate fees. The amount to which plaintiff shall be entitled is the greater of the amount by which Woodhaven was unjustly enriched by payment of the check or the extent to which Ava was entitled to payment from Woodhaven when the check was issued; in no event, however, exceeding $14,500 and interest.